IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DENNIS EVERETT LACY,

    Petitioner,                 No. CIV S-08-0926 FCD EFB P

    vs.

JAMES TILTON, et al.,

    Respondents.            FINDINGS AND RECOMMENDATIONS

                                 /

        Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. Respondents have moved to dismiss the action on the ground that petitioner fails to state a claim. However, petitioner has since been released and it appears that this action has become moot and must be dismissed for lack of subject matter jurisdiction. *See Fielder v. Clark*, 714 F.2d 77, 78-79 (9th Cir. 1983) (district court may dismiss an action *sua sponte* whenever it appears that subject matter jurisdiction is lacking).

**I. Facts**

        On May 1, 2008, petitioner filed a habeas petition challenging the accuracy with which corrections officials calculated the time credits to which he was entitled. He argued that officials in the California Department of Corrections and Rehabilitations arbitrarily and erroneously determined the amount of credits to which he was entitled under California law. Thus, he

1

argued, his release date was sooner than the date reflected in his corrections records. The docket shows, however, that petitioner was released from prison in February 2009.

**II.      Standards**

Under Article III of the federal Constitution, a federal court has jurisdiction to entertain a matter only if there is a "case or controversy." The issues must remain "live," meaning there must be an actual case or controversy, throughout all stages of the proceeding. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990). An action becomes moot, and a federal court thus loses jurisdiction over it, when the issues no longer are live, i.e., when the parties lack a legally cognizable interest in the outcome. *Powell v. McCormack*, 395 U.S. 486, 496 (1969). In other words, a federal court does not have power to decide a matter that does not affect the rights of litigants in the case before it. *Lewis*, 494 U.S. at 477-78; *Mitchell v. Dupnik*, 75 F.3d 517, 527-28 (9th Cir. 1996). A petitioner must have suffered an actual injury that is traceable to the respondent and can be redressed by a favorable decision. *Spencer v. Kemna*, 523 U.S. 1, 8, 14 (1998). A federal court may entertain a case that is moot only if the matter is "capable of repetition yet evading review." *Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995).

**III.     Analysis**

Here, petitioner was incarcerated at the time he filed the petition. His only claim is that corrections officials miscalculated the time credits to which he was entitled. As a consequence, the date they planned to release him was later than what the petitioner believed should be. The Ninth Circuit has held that the release of a prisoner challenging the loss of time credits renders the pending habeas petition moot. *Nonnette v. Small*, 316 F.3d 872, 875-76 (9th Cir. 2002). The only relief available from the court on such a petition is an assurance that the prisoner is granted all the credits to which he is entitled, thereby accelerating his release date. *Id.* In other words, the court cannot grant any meaningful relief if a prisoner making such a challenge is released "because he has fully served the period of incarceration that he is attacking." *Id.* at 876. Here, petitioner claims that he is entitled to more time credits than corrections officials are willing to

grant. If he were to prevail on this claim, the court could only order a recalculation using correct standards, thereby accelerating his release date. Since petitioner already has been released, there is no injury that can be redressed by a favorable decision from this court.

There remains the question of whether the court retains jurisdiction because the matter is capable of repetition yet evading review. A case is capable of repetition yet evading review if (1) the challenged action is too short in duration to be fully litigated prior to its expiration, and (2) there is a reasonable expectation or demonstrated probability that the same complaining party would be subjected to the same action again. *Spencer*, 523 U.S. at17-18. It is doubtful petitioner could demonstrate "that the time between [arbitrary assessment of time credits] and [release from prison] is always so short as to evade review." *Id.* at 18. Furthermore, without arguing that he is likely to misbehave, petitioner simply cannot demonstrate a reasonable likelihood that he will be reincarcerated and subjected to the same injury.

## IV. Conclusion

For the reasons explained, this case is moot and the court lacks subject matter jurisdiction.

Accordingly, it is RECOMMENDED that this action be dismissed for lack of subject matter jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fifteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 1, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3